UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBORAH LAUFER, | ) |
|       Plaintiff, | ) |
| v. | ) Docket no. 2:20-cv-00345-GZS |
| GIRI HOTELS, LLC, | ) |
|       Defendant. | ) |

**ORDER OF DISMISSAL**

Before the Court are the following motions filed by Defendant Giri Hotels, LLC ("Giri"): (1) Motion to Dismiss (ECF No. 8), (2) Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 10), (3) Supplemental Motion to Dismiss (ECF No. 14). Via these Motions, Defendant asks the Court to find that Plaintiff lacks standing to pursue her claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. For reasons briefly explained herein, the Court GRANTS all three Motions.

Today the Court has entered two orders in related cases. See 5/18/21 Order of Dismissal (ECF No. 24) in Laufer v. Acheson Hotels LLC, D. Me. Docket No. 2:20-cv-00344-GZS ("Acheson") & 5/18/21 Order of Dismissal (ECF No. 25) in Laufer v. Mar-Lyn In Maine, LLC, D. Me. Docket No. 2:21-cv-00007-GZS ("Mar-Lyn"). In both decisions, the Court has held that Laufer cannot meet her burden of proving a concrete and imminent injury in fact and, as a result, her claim is subject to dismissal for lack of standing. In this case, Plaintiff seeks to bring the same claim as to a different lodging establishment operated by Defendant, namely the Ogunquit River Inn, located in Wells, Maine. Here, the record differs from the Acheson case and the Mar-Lyn

case in only two relevant respects. First, Plaintiff alleges only visiting third party online reservation systems ("ORS") "for the purpose of reviewing and assessing the accessible features at the [Ogunquit River Inn] and ascertain[ing] whether they meet the requirements of 28 C.F.R. § 36.302(e) and her accessibility needs."[1] (Am. Compl. (ECF No. 11), PageID # 196.) Second, it is not apparent that Defendant has updated its website to provide information regarding accessibility or that it is claiming "vintage" status. See, e.g., 5/18/21 Mar-Lyn Order of Dismissal (ECF No. 25), PageID #s 591 & 596. In the Court's view, these factual differences do not fundamentally change the conclusion that Laufer lacks standing because she has not asserted a plausible injury that is concrete and imminent as it relates to Giri. Therefore, the Court hereby adopts and incorporates the reasoning contained in its Acheson and Mar-Lyn Orders of Dismissal as the basis for concluding that the similar pending Motions in this case should be similarly granted.

For the reasons just stated, the Court hereby GRANTS both Defendant's Motion to Dismiss (ECF No. 8) and Supplemental Motion to Dismiss (ECF No. 14), as well as Defendant's Request for Judicial Notice in Support of Motion to Dismiss (ECF No. 10).

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 18th day of May, 2021.

---

[1] Specifically, Plaintiff avers that she researched Defendant's accessibility features on www.expedia.com, www.hotels.com, www.booking.com, www.orbitz.com, www.priceline.com, www.agoda.com, www.trip.com, www.cheaptickets.com, www.travelocity.com, and www.reservations.com. Am. Compl., PageID #s 196-98. On the face of the Complaint, it is not apparent that her claim against Defendant would redress the problems she encountered on these third-party ORS. See, e.g., Laufer v. Patel, No. 1:20-cv-00631-RP, 2021 WL 796163, at *4 (W.D. Tex. Mar. 2, 2021) (noting that "most courts in the Fifth Circuit that have considered whether an e-tester had standing to sue about third-party hotel booking websites have concluded that the e-tester lacked standing").